66  241
165s 494

## North Chicago Street Railroad Co. v. Mary A. Southwick.

1.  ORDINARY CARE—*Passengers in Street Cars.*—For passengers upon street cars, after signaling the car to stop, to walk to the place from where they expect to alight and there stand waiting for the car to stop, is so common that such conduct can not be said to be a lack of ordinary care.

2.  WITNESSES—*Remaining in the Court After an Agreement of Exclusion.*—As to whether witnesses who remained in the court room in violation of an agreement between counsel that witnesses should be excluded from the court room while others were testifying, should be permitted to testify, is a matter within the discretion of the court.

3.  TRIALS—*Misconduct of Counsel.*—In action for damages counsel should not be permitted to appeal to the prejudices of the jury by improper allusions.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

### STATEMENT OF THE CASE.

This was an action by Mary A. Southwick to recover damages for personal injuries alleged to have been sustained through the negligence of the North Chicago Street Railroad Company.

Four counts were filed. The first count of the plaintiff's declaration alleged that on the evening of November 29, 1892, the plaintiff was a passenger on one of the defendant's Fullerton avenue horse-cars, and that upon the arrival of the car at Osgood street, while the plaintiff was about, with

due care, to alight, the defendant negligently caused the car to be suddenly started, thereby throwing the plaintiff to the ground.

The second count alleges that before the arrival of the car at Osgood street the plaintiff signaled to the conductor to stop at that street, but the defendant neglected to stop the car as requested, and carried the plaintiff to the middle of the block beyond Osgood street, and while the plaintiff was then and there about to alight from the car, it was suddenly started, thereby throwing the plaintiff to the ground.

The third count alleges that the defendant neglected the plaintiff's request and carried her to the middle of the block beyond Osgood street, and then and there caused the car to slacken its speed for the plaintiff to alight, but when the plaintiff went to the rear of the car for the purpose of alighting, and while she was standing there until the car should be brought to a stop, the defendant negligently caused the car to be suddenly started at greater speed, thereby throwing the plaintiff to the ground.

The fourth count alleges that the conductor nodded a recognition of the plaintiff's signal, but negligently disregarded it and carried her to the middle of the block; that while the car was slackening its speed the plaintiff went to the rear platform, and that while she was standing there, waiting for the car to come to a full stop, the defendant negligently caused the brake of the car to be loosened, thereby jerking the car violently forward, thereby throwing the plaintiff to the ground.

At the trial, the jury found a verdict in favor of the plaintiff, and assessed her damages at the sum of $3,000. Judgment having been entered on this verdict, the defendant appeals.

Egbert Jamieson and John A. Rose, attorneys for appellant.

Schuyler & Kremer, attorneys for appellee.

North Chicago Street R. R. Co. v. Southwick.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

For passengers upon street cars, after signaling for the car to stop, to walk to the place from where they expect to alight and there stand waiting for the car to stop, is so common that such conduct can not be said to be a lack of ordinary care. Whether the plaintiff thus stood and was guilty of negligence in failing to hold on to something to prevent her falling, was a question of fact for the jury, and after their verdict, for the consideration of the judge before whom this cause was tried; their conclusion we find sustained by such evidence that we do not feel warranted in interfering with the result at which they arrived.

There is not shown in the abstract any testimony of Mr. John Southwick which entitled the defendant to ask Mr. Aldrich, if, after he had stated to Southwick the contrary, he, Southwick, had asked him, Aldrich, to testify that the car had started with a jerk.

There was an agreement between counsel that witnesses should be excluded from the court room while others were testifying. As to whether, notwithstanding this agreement, Mr. Northen and Mr. Southwick, who had remained in the court room, should be permitted to testify, was a matter within the discretion of the court.

Counsel for the plaintiff did overstep the bounds of propriety and fairness in his closing address to the jury, for which he should have been rebuked by the court in so emphatic a manner that the undue advantage he thus sought to gain would not have been attained.

The plaintiff was suing and asking for damages from the defendant because of the alleged negligence of its servants; unless one or more of these servants were negligent, she had no case. That she omitted to sue them did not add to her right to recover against the Street Railway Company; and counsel should not have been permitted to appeal to the prejudices of the jury by allusion to the responsibility of the defendant she had chosen to sue, and the fact that the poor, but, as she alleged, negligent conductor and driver, had not been sued.

The damages are, however, no more than we think would be recovered upon another trial, and are only such as the evidence warranted.

The judgment of the Superior Court is therefore affirmed.